Filed 11/14/25  P. v. Roach CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Shasta)

----

| | |
|---|---|
| THE PEOPLE,<br><br>   Plaintiff and Respondent,<br><br> v.<br><br>CLINTON ANTOINE ROACH,<br><br>   Defendant and Appellant. | C101787<br><br>(Super. Ct. Nos. 21F3507, 22F2056 & 22F0999) |

  Appointed counsel for defendant Clinton Antoine Roach asked this court to review the record and determine whether there are any arguable issues on appeal that would result in a disposition more favorable to defendant.  (*People v. Wende* (1979) 25 Cal.3d 436.)  Finding none, we will affirm.

BACKGROUND[1]

  In March 2021, Redding police officers executed a search warrant at a residence associated with defendant.  During the search, defendant was found with a metal can

---

[1] The probation report summarized the facts from the police reports, which defendant stipulated to as the factual basis for his pleas.

1

containing 34.3 grams of methamphetamine, a plastic baggie containing 0.7 grams of methamphetamine, a digital scale, two cellphones, and $123.

Defendant was charged in Shasta County Superior Court case No. 21F03507 (case No. 3507) with possession for sale of a controlled substance, methamphetamine (Health & Saf. Code, § 11378; count 1).[2] The information alleged a prior strike conviction (Pen. Code, § 1170.12) and several factors in aggravation (Cal. Rules of Court, rule 4.421(b)(2), (b)(3), (b)(5)).[3]

In July 2021, Redding police officers contacted defendant in a parked car in an area known for drug sales. He had an active felony warrant at the time. A baggie with a dark substance consistent with heroin was seen sticking out of his back pocket, and when officers searched him, they found a baggie containing methamphetamine, which defendant spontaneously admitted was his. A further search revealed tinfoil containing heroin as well as $442 in mostly $20 bills. The methamphetamine weighed 4.1 grams, and the heroin weighed 20.5 grams. Defendant told police he uses methamphetamine twice a day but does not use heroin.

Based on this incident, defendant was charged in Shasta County Superior Court case No. 22F00999 (case No. 0999) with possession for sale of a controlled substance, heroin (§ 11351; count 1), sale or transportation of a controlled substance, heroin (§ 11352, subd. (a); count 2), and misdemeanor possession of a controlled substance, methamphetamine (§ 11377, subd. (a); count 3). The information alleged a prior strike conviction (Pen. Code, § 1170.12), that defendant was on bail or released on his own recognizance in case No. 3507 when he committed the offenses (Pen. Code, § 12022.1, subd. (b)), and multiple aggravating factors under rule 4.421.

---

[2]    Undesignated statutory references are to the Health and Safety Code.

[3]    Undesignated rule references are to the California Rules of Court.

2

In September 2021, Redding police officers stopped defendant while driving a car with an expired registration. Defendant was on post-release community supervision, and officers searched defendant and the car. Defendant spontaneously told police he had drugs in his pocket. In defendant's front pocket, officers found two baggies of suspected heroin, a baggie of "China white" heroin, and a baggie of suspected methamphetamine. Defendant had 25.8 grams of heroin, 22 grams of "China white" heroin, and two grams of methamphetamine. Defendant also had $850 in cash. Defendant claimed he only used methamphetamine and was picking up the heroin for someone else, although he refused to disclose where he got the heroin or who he was supposedly giving it to.

Defendant was charged in Shasta County Superior Court case No. 22F2056 (case No. 2056) with possession for sale of a controlled substance, heroin (§ 11351; count 1), sale or transportation of a controlled substance, heroin (§ 11352, subd. (a); count 2), and misdemeanor possession of a controlled substance, methamphetamine (§ 11377, subd. (a); count 3). The information alleged a prior strike conviction (Pen. Code, § 1170.12), that defendant was on bail or released on his own recognizance in case No. 3507 when he committed the offenses (Pen. Code, § 12022.1, subd. (b)), and several aggravating factors under rule 4.421.

In October 2023, defendant resolved all three cases by open plea. In case No. 3507, defendant pled no contest to possession of a controlled substance (count 1). In case No. 2056, defendant pled no contest to possession for sale of a controlled substance and sale or transportation of a controlled substance (counts 1 and 2). In case No. 0999, he pled no contest to possession for sale of a controlled substance and sale or transportation of a controlled substance (counts 1 and 2). Defendant admitted the same strike prior conviction in each case. Several misdemeanor matters were dismissed in exchange for defendant's pleas.

In January 2024, defendant filed a *Romero*[4] motion to strike his prior strike conviction in all three cases. Defendant cited the remoteness of his prior strike conviction (based on a 2009 conviction for robbery), the nonviolent nature of his current drug offenses, his history of drug use, and his desire to commit to sobriety. In support of the motion, he attached a public defender social worker report. The People opposed the *Romero* motion.

At a hearing later in January 2024, defendant admitted three aggravating factors. (Rule 4.421(b)(2) [numerous or increasing seriousness of prior convictions], (b)(3) [served a prior prison term], (b)(5) [unsatisfactory performance on probation, parole, mandatory supervision or post-release community supervision].) The trial court then released defendant from custody to attend a drug rehabilitation program prior to sentencing. Defendant later left the drug rehabilitation treatment program and was remanded into custody.

Defendant was sentenced in July 2024. The trial court denied defendant's *Romero* motion, citing defendant's failure to complete the drug rehabilitation treatment program he entered in January 2024, his history of criminality and of noncompliance with probation and parole, and the repeated nature of his drug offenses.

The trial court sentenced defendant to an aggregate term of 10 years in prison for all three cases. In case No. 2056, the court imposed the low term of three years for count 2 (sale or transportation of a controlled substance), doubled to six years for the prior strike, and the middle term of three years for count 1 (possession for sale of a controlled substance), which it stayed under Penal Code section 654. In case No. 0999, the trial court imposed the middle term of three years for count 1 (possession for sale of a controlled substance), which it stayed under Penal Code section 654, and for count 2 (sale

---

[4]      *People v. Superior Court (Romero)* (1996) 13 Cal.4th 497.

or transportation of a controlled substance) and a consecutive two years eight months (or one-third the midterm, doubled for the strike prior). In case No. 3507, the court imposed a consecutive one year four months (one-third the midterm doubled due to the strike) for count 1 (possession for sale of a controlled substance).

The trial court awarded 176 days of actual credit and 176 days of conduct credit, for a total of 352 days of credit. The court imposed a $300 restitution fine (Pen. Code, § 1202.4), an identical $300 parole revocation restitution fine, which was suspended unless parole was revoked (Pen. Code, § 1202.45).

Defendant filed a timely notice of appeal without a certificate of probable cause in each case.

DISCUSSION

Appointed counsel filed an opening brief setting forth the facts of the case and asking this court to review the record and determine whether there are any arguable issues on appeal. (*People v. Wende, supra*, 25 Cal.3d 436.) Defendant was advised by counsel of the right to file a supplemental brief within 30 days of the date of filing the opening brief. More than 30 days have elapsed, and we have received no communication from defendant.

Having examined the entire record, we find no arguable error that would result in a disposition more favorable to defendant.

5

DISPOSITION

The judgment is affirmed.

_____\s_____
Krause, J.

We concur:

_____\s_____
Duarte, Acting P. J.

_____\s_____
Boulware Eurie, J.